UNITED STATES DISTRICT COURT
WESTERN DIVISION
STATE OF WASHINGTON

FILED LODGED RECEIVED MAIL
NOV 15 2018
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

JOAQUIN GARCIA, Petitioner,

v.

STATE OF WASHINGTON, Respondent.

AMERICAN WITH DISABILITIES ACT OF 1990 PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR THE APPOINTMENT OF COUNSEL PURSUANT TO 42 USCA §10841

PETITION 18-CV-1663 BJR-MAT

UNDER U.S. CONST. ARTICLE ONE AND THREE, U.S. CONST. AMEND. 1st, 4th, 5th, 6th, 8th, AND 14th AMENDMENTS, the AMERICAN WITH DISABILITIES ACT OF 1990, 28 USCA §2254 (INCLUDING 28 USCA §2241 et. seq.), 18 USCA §3006A, 42 USCA §10841 AND ALL OTHER APPLICABLE LAW, PETITIONER RESPECTFULLY FILES THIS INITIAL PETITION FOR WRIT OF HABEAS CORPUS AND PETITIONER REQUESTS THAT THIS COURT APPOINT COUNSEL FOR PETITIONER TO PURSUE PETITIONER'S AVAILABLE FEDERAL HABEAS CORPUS REMEDY AND FOLLOWING APPOINTMENT OF COUNSEL, PROVIDE COUNSEL SUFFICIENT TIME TO INVESTIGATE AND PRESENT ALL POSSIBLE CLAIMS FOR RELIEF ON PETITIONER'S BEHALF IN A PETITION FOR WRIT OF HABEAS CORPUS, AND FOLLOWING FURTHER PROCEEDINGS, GRANT PETITIONER RELIEF FROM THE UNCONSTITUTIONAL JUDGMENTS IN THAT REVERSAL OF PETITIONER'S KING COUNTY SUPERIOR COURT No. 14-1-05928-7 CASE DISMISSAL BY WASHINGTON STATE COURT OF APPEALS AND ITS STATE SUPREME COURT SUPPORTING THAT REVERSAL AFTER JUDGE TIMOTHY A. BRADSHAW OF KING COUNTY SUPERIOR COURT DISMISSED PETITIONER'S CASE ON WASHINGTON STATE'S OWN R.C.W. 9.41.047 MANDATES.

THE PETITION OF JOAQUIN GARCIA RESPECTFULLY SHOWS:

1) Petitioner JOAQUIN GARCIA is imprisoned and/or incarcerated and restrained of liberties at King County Correctional Facility - Dept. of Adult and Juvenile Detention, commonly known as "King County Jail", located at 500 Fifth Ave., Seattle, Washington 98104.

2) The officer or person by whom petitioner is so detained and restrained is the "State of Washington" c/o King County Prosecutor Office.

3) The cause or pretense of the imprisonment and restraint of petitioner, according to petitioner's best knowledge and belief, as he has been informed, is the reversal of the dismissal of petitioner's case - King County Superior Court cause No. 14-1-05928-7 unlawful firearm possession charge by a Court of Appeals judge and, even more so, after a Washington State Supreme Court's permitting that reversal to stand, regardless of RCW mandates (and case law) establishing a reinstatement of petitioner's case dismissal, as petitioner has been informed and believes, as same RCW mandates established petitioner's case dismissal.

4) The imprisonment of petitioner is illegal in that I, JOAQUIN GARCIA, petitioner, never received any type of notice, as required by Washington State Law RCW 9.41.047(1), orally or written and petitioner's affirmative defense was solely based on this fact that the State conceded to - admitting never giving petitioner any notice, which the State failed to prove that they did, which they didn't anyway. Petitioner feels that the Washington State Supreme Court, who suppose to be the

1
2  CHIEF STATE ENFORCERS AND ROLE MODELS THROUGHOUT THE WASHINGTON
3  STATE JUDICIAL AND COURT SYSTEM BY ALWAYS EXEMPLIFYING RCW ADHERRANCE,
4  FIRST AND FOREMOST, THEN ANYONE ELSE IN THE STATE OF WASHINGTON,
5  WHICH THEY'VE CHOSEN OR HAVE BEEN CHOSEN, TO UPHOLD AND RESPECT
6  WITH HONOR AND DIGNITY THE LAWS AND STATUTES OF THIS STATE; INSTEAD
7  CHOOSES TO FOLLOW AND SUPPORT THAT COURT OF APPEALS, A LOWER
8  COURT, REVERSAL OF PETITIONER'S CASE DISMISSAL WHILE KNOWINGLY
9  'CREATING' AND/OR 'HYPOTHESIZING' AN EVIDENTIARY STANDARD TO CURE THEIR
10 (THE 6 STATE SUPREME COURT JUDGE 'MAJORITY') VIOLATIONS OF RCW
11 9.41.047(1)(A); WITH THEIR OWN CHIEF JUDGE FAIRHURST DISAGREEABLE
12 (ALONG WITH ONLY TWO OTHER JUDGES) SPEAKING AND DEFENDING THE HONOR
13 AND INTEGRITY OF THE RCW 'STATUTE(9.41.047) THAT IS UNEQUIVOCAL IN ITS
14 MANDATE' IN DISPLAYING AND EXHIBITING JUDICIAL RESPECT FOR THE RCW's,
15 LET ALONE, FOR ONE (RCW 9.41.047) THAT 'MANDATES' RESPECT. THE FOLLOWING
16 IS FROM 'STATE V. GARCIA' 420 P3d 1077(2018) quoting 'FAIRHURST, C.J. dissenting
17 (AND WITHIN THE BRACKETS): ["RCW 9.41.047(1)(A) REQUIRES ORAL AND
18 WRITTEN NOTICE OF THE INELIGIBILITY TO POSSESS FIREARM AT THE TIME
19 A PERSON IS CONVICTED. I DISAGREE WITH THE MAJORITY'S CREATION
20 OF AN EVIDENTIARY STANDARD TO CURE VIOLATIONS OF RCW 9.41.047(1)(A).
21 I WOULD REVERSE THE COURT OF APPEALS AND REINSTATE THE TRIAL
22 COURT'S DISMISSAL OF JOAQUIN GARCIA'S UNLAWFUL POSSESSION OF A FIREARM
23 (UPFA) CHARGE IN THE FIRST DEGREE.
24 GARCIA BROUGHT A PRETRIAL MOTION TO DISMISS HIS FIRST DEGREE UPFA
25 CHARGE BECAUSE HIS 1994 PREDICATE OFFENSE FAILED TO COMPLY WITH THE
26 NOTICE REQUIREMENTS OF RCW 9.41.047(1)(A). THE STATE CONCEDED THE
27 LACK OF STATUTORY NOTICE."] WASHINGTON STATE SUPREME COURT CHIEF JUDGE
28 FAIRHURST CONTINUES STATING ["THIS COURT HAS ALREADY ESTABLISHED THAT

LACK OF NOTICE UNDER RCW 9.41.047(1) IS AN AFFIRMATIVE DEFENSE, WHICH (THE DEFENDANT) MUST ESTABLISH BY A PREPONDERANCE OF THE EVIDENCE" STATE v. BREITUNG 173 WASH. 2d 393, 403 - 267 P.3d 1012 (2011)." WHICH PETITIONER DID. CHIEF JUDGE FAIRHURST CONTINUES ON STATING "LACK OF NOTICE UNDER RCW 9.41.047(1) MEANS NOTICE PURSUANT TO THE STATUE." NOT TO HIS OR THEIR (MAJORITY'S) OWN FREE-WILL THINKING AND PREJUDICIAL CONSTRUING. "THE STATUTE HAS THREE CLEAR REQUIREMENTS. STATE v. MINOR 162 WASH 2d 796, 803 - 174 P.3d 1162 (2008) ("THE STATUTE IS UNEQUIVOCAL IN ITS MANDATE") FIRST, NOTICE MUST BE GIVEN "AT THE TIME A PERSON IS CONVICTED OR FOUND NOT GUILTY BY REASON OF INSANITY.... OR AT THE TIME A PERSON IS COMMITTED BY COURT ORDER." RCW 9.41.047(1)(A) (EMPHASIS ADDED). SECOND, NOTICE MUST BE GIVEN BY "THE CONVICTING OR COMMITTING COURT." Id. AND THIRD, NOTICE MUST BE GIVEN "ORALLY AND IN WRITING." Id. "THE PRESENCE OF A NOTICE REQUIREMENT SHOWS THE LEGISLATURE REGARDED SUCH NOTICE OF DEPRIVATION OF FIREARMS RIGHTS AS SUBSTANTIAL.

RELIEF CONSISTENT WITH THE PURPOSE OF THE STATUTORY REQUIREMENT MUST BE AVAILABLE WHERE THE STATUTE HAS BEEN VIOLATED" MINOR, 162 WASH 2d AT 603-04, 174 P.3d 1162"] - STILL QUOTING FAIRHURST, C.J. DISSENTING, IN THE BRACKETS. - BUT IF THE STATUTE HAS BEEN VIOLATED BY SAME 'MAJORITY', THEN WHAT RELIEF IS CONSISTENT WITH THAT, EVENMORE SO AFTER THAT 'RELIEF CONSISTENT' THAT WAS MADE AVAILABLE TO PETITIONER FOR SUCH VIOLATION, HAS BEEN TAKEN AWAY THROUGH AND/OR WITH MORE SAME STATUTE (RCW 9.41.047) VIOLATIONS? NOW, 'FAIRHURST, C.J.' CONTINUES ON STATING "FOLLOWING 'BREITUNG', PETITIONER

Garcia established his affirmative defense, which the State failed to rebut. Despite the language of the statute, the majority circumvents this simple conclusion"] (The reinstatement of Petitioner's dismissal?!)["And holds that notice 'need not be contemporaneous' with the conviction and can be communicated by people other than the court (e.g. court staff or defense counsel, etc.). Majority at 1081. I (same Chief Judge Fairhurst of whom I'm still quoting) find this to be hugely problematic."] - Why and what makes this 'hugely problematic'? - Chief Judge Fairhurst goes on stating ["In 'Breitung' we affirmed the Court of Appeals and held that the defendant was entitled to reversal of his UPFA conviction. 173 Wash 2d at 403, 267 P.3d 1012. After explaining that lack of statutory notice is an affirmative defense to UPFA, we concluded that 'Breitung' was not notified of his firearm prohibition as required under RCW 9.41.047(1) and did not otherwise have notice of the prohibition against possession of firearms. Absent that notice, he was entitled to reversal of the (UPFA) conviction." Id at 404, 267 P.3d 1012. The 'otherwise acquired actual knowledge' standard that the majority focuses on comes from the 'Breitung' Court of Appeals decision, which was quoted within this court's opinion as well..... The Court of Appeals cited no authority for that standard, nor did this court.] - Still quoting 'Fairhurst, C.J.' in 'State v. Garcia' 420 P.3d 1077 (2018), within the brackets) Now, the birth of a self-

⑤ of 13

-CREATED? OPINION IS REVEALED, WITH ITS ORIGIN IN A LOWER COURT (COURT OF APPEALS) AND A HIGHER COURT (STATE SUPREME COURT) FOLLOWING AND LISTENING TO THIS COURT OF APPEALS EVEN THEN; BUT HAVING NO AUTHORATATIVE SUPPORT WHATSOEVER FROM EITHER COURT SYSTEM FOR THIS, WHAT SEEMS, AN HYPOTHESIZED OPINION UTILIZED TO DISRUPT AN RCW MANDATE THAT WAS PROVEN BY PETITIONER 'GARCIA', WITH THAT 'RELIEF CONSISTENT' APPLIED IN 'BREITUNG' BUT TAKEN AWAY IN 'GARCIA', WHEN THE LATTER MORE THAN PROVED (AND WITH THE STATE FULLY CONCEDING, FAILING TO REBUT) THAT ABSENCE AND LACK OF RCW STATUTORY NOTICE. CHIEF JUDGE FAIRHURST CONTINUES STATING IN HIS DISSENT WHAT THE RCW STATUE BLATANTLY SAYS ["THE STATUE CLEARLY STATES WHAT IS REQUIRED. RCW 9.41.047(1)(A) REBUTTAL EVIDENCE MUST BE EVIDENCE THAT PROVES COMPLIANCE WITH THE STATUTE (e.g. COURT TRANSCRIPTS, JUDGMENT AND SENTENCING DOCUMENTS, VIDEO AND AUDIO RECORDINGS, TESTIMONY OR AFFIDAVITS FROM PEOPLE WHO WERE PRESENT AT THE SENTENCING). THE MAJORITY'S REBUTTAL STANDARD IS COMPLETELY UNTETHERED FROM THE STATUE AND SHOULD BE REJECTED."] -END QUOTING OF CHIEF JUDGE FAIRHURST IN HIS DISSENT IN 'STATE v. GARCIA' 420 P.3d 1077 (2018), WITHIN THE BRACKETS, EMPHASIS ADDED.) ___
THOUGH PETITIONER IS NOT A LAWYER, HE IS INFORMED AND BELIEVES AND BASED ON THAT INFORMATION AND BELIEF, PETITIONER GARCIA FEELS HE HAS SUFFERED AND IS SUFFERING ARBITRARY AND CAPRICIOUS PREJUDICE AT THE HANDS OF THAT 'MAJORITY' DECISION, EVENMORESO, BY NOT

FOLLOWING THEIR OWN PRECEDENT SET BY THEMSELVES, THROUGH THIS SAME STATUTE-RCW 9.41.047, IN 'BREITUNG', BUT RESPECTED AND HONORED BY CHIEF JUDGE FAIRHURST. PETITIONER MOST CLEARLY ESTABLISHED HIS AFFIRMATIVE DEFENSE AS RCW 9.41.047 STATUTORY REQUIREMENT MANDATED TO DO. BUT IT ALSO MANDATED FOR THE STATE TO PROVE IT GAVE STATUTORY(ORALLY AND WRITTEN)NOTICE AT TIME OF CONVICTION-NOT AFTER(DAYS,MONTHS,AND YEARS LATER) THE FACT(TIME OF CONVICTION)OR EVEN BEFORE IT. ITS THREE CLEAR REQUIREMENTS ARE NOT MULTIPLE CHOICES. PETITIONER, AS HE HAS BEEN INFORMED AND BELIEVES, FAIL TO SEE AND UNDERSTAND HOW THE LOWEST OF THESE THREE WASHINGTON COURTS(KING COUNTY SUPERIOR, TIMOTHY BRADSHAW, JUDGE) COULD EASILY EXECUTE RCW REQUIRED JUDICATURE, BUT A 'MAJORITY'(SIX JUDGES OF THE STATE HIGHEST COURT)FOUND IT EXTREMELY DIFFICULT, IF NOT IMPOSSIBLE, TO DO THE SAME AS THAT RCW STATUTE MANDATES AND NOT AS THEIR OWN SELVES WANTED, IN CREATING A CIRCUMVENTION TO INFLICT UPON PETITIONER JOAQUIN GARCIA AND, EVEN WORSE, UPON THE INTEGRITY OF THEIR OWN JUDICATURE MANDATES IN 'BREITUNG'. PETITIONER FEELS HIS AFFIRMATIVE DEFENSE THROUGH THIS RCW STATUTORY MANDATES OBLIGATIONS FOR THE STATE AND, ESPECIALLY, THE 'MAJORITY' TO ADHERE, BUT FAILED TO, VIOLATING RCW 9.41.047(1)(A) IN THE PROCESS - WARRANTS, PETITIONER FEELS, REINSTATEMENT OF PETITIONER'S KING COUNTY SUPERIOR COURT NO.14-1-05928-7(UNLAWFUL FIREARM POSSESSION(UPFA))CASE DISMISSAL IN THAT FURTHERANCE OF JUSTICE.

5) The Department of Justice (DOJ) was delegated the authority by Congress to promulgate regulations implementing the Americans with Disabilities Act of 1990 ("ADA") under 42 U.S.C.A. §12124(a). The DOJ's regulations provide that "all programs, services, and regulatory activities relating to law enforcement, public safety, and the administration of justice, including courts and correctional institutions, are governed by the ADA. 28 C.F.R. §35.190(b)(6). Under the language of the ADA and the DOJ's regulations, ADA is applicable to Defendant 'State of Washington' within and/or through its entity 'King County' with all of its entities, offices, agencies and affiliates including King County Correctional Facility at Seattle and Western State Hospital in Tacoma, both in the State of Washington. Title II of the ADA prohibits the exclusion of persons with disabilities from participating in, or denying the benefits of, the goods, services, programs and activities of the entity or otherwise discriminating against persons on the basis of disability. 42 U.S.C.A. §12132.

Petitioner was and is a disabled person as defined by 42 U.S.C.A. §12101, §12102, 12131(1) and (2), 42 U.S.C.A. §10841.

Pursuant to the obligations of the ADA and 42 U.S.C.A. §10841, Defendants were required to provide Petitioner, as a mentally disabled inmate, with the means to access those critical services that Petitioner's disabilities need and warrants.

IN 2009, PETITIONER SUFFERED AN HORRENDOUS TRAUMATIC ACCIDENT, SUFFERING UPON HIM SEVERE BRAIN INJURIES AND DAMAGE, PHYSICALLY AND, EVEN MORE, MENTALLY. THIS ACCIDENT AND ITS AFTERMATH HAS LEFT PETITIONER A PERMANENCE OF ACUTE MENTAL ILLNESS, PSYCHOSIS, AND PSYCHOSOMATIC SCHIZOPHRENIC, LEAVING PETITIONER, AFTER NUMEROUS ASSESSMENTS, TO REQUIRE MENTAL HEALTH TREATMENTS FROM SOUND MENTAL HEALTH AND ITS AGENCIES, KING COUNTY MENTAL HEALTH COURT, AND NUMEROUS STAYS OF IN-PATIENT ASSESSMENTS AT WESTERN STATE HOSPITAL, WITH A 45-DAY PENDING RE-ASSESSMENT IN-PATIENT COURT-ORDER RETURN AND STAY (THE 5th OR 6th OF THIS PRESENT DETENTION). BUT "KING COUNTY CORRECTIONAL FACILITY," BEING PART OF STATE OF WASHINGTON ENTITY "KING COUNTY", TO WHICH THE A.D.A. IS APPLICABLE WITH IT BEING A STATE CORRECTIONAL INSTITUTION, IN ITS FAILURE TO PROVIDE PETITIONER WITH THAT REQUESTED ASSISTANT OF 42 U.S.C.A § 10841 (1)(L)(iv) TO FACILITATE PETITIONER'S ACCESS TO THOSE SERVICES, AND FAILED TO ACCOMODATE PETITIONER'S DISABILITY BY REPEATEDLY PUNISHING PETITIONER FOR, AND BECAUSE OF, HIS MENTAL DISABILITIES TO THE PERMANENCE OF AN IMU STATUS, SINCE 2016-STRIPPING HIM OF ALL THE LIBERTIES (IF ANY) HE HAD LEFT FOR PERIODS UP TO 60 DAYS AT A TIME (WITH NOTHING LESS THAN 48 HOURS) OF STRAIGHT DEADLOCK, NOT EVEN AN HOUR OUT DURING THOSE 60 DAYS IN SAME PRESENT 11 EAST, LOWER A UNIT, CELL 5. PETITIONER HAVE BEEN ON FORCED ISOLATION AND SECLUSION FOR 2 YEARS HERE ON 11 EAST OF 11th FLOOR IN KING COUNTY JAIL, WITH NUMEROUS ATTACKS UPON HIM AND HIS DISABILITIES

BY JAIL STAFF; THE CONTINUING AFTERMATH SINCE THAT ILLICIT REVERSAL OF PETITIONER'S CASE DISMISSAL, WORSENING THAT THROUGH AND WITH THEIR CONTINUATION OF INSTITUTIONALIZING DEROGATIVE SUPPOSEDLY MENTAL HEALTH POLICIES AND PROCEDURES THAT FULLY CONTRADICTS AND VIOLATES PETITIONER'S DUE PROCESS RIGHTS, AFFORDED TO HIM, THROUGH AND WITHIN 42 U.S.C.A. SECTION 10841.

DEFENDANT'S FAILURE TO PROVIDE PETITIONER WITH THAT MENTAL HEALTH ASSISTANCE OR OTHER MEANS OF PROGRESSIVE, AND NOT REGRESSIVE (e.g. YEARS OF IMU's, UNSANCTIONED SEGREGATIONS, etc.), ACCOMODATIONS SO THAT PETITIONER COULD FULLY ACCESS AND RECIEVE THE HELP AND SERVICES, AS SET FORTH ABOVE, CONSTITUTED UNLAWFUL AND INTENTIONAL DISCRIMINATION ON THE BASIS OF DISABILITY IN VIOLATION OF TITLE II OF THE ADA. DEFENDANTS FAILURE TO COMPLY WITH THEIR OBLIGATIONS UNDER THE ADA CONTRIBUTED TO THE SEVERE PHYSICAL AND MENTAL DETERIORATION OF PETITIONER, THROUGH ISOLATION, INTIMIDATION, AND EXCLUSION, TO PETITIONER'S DAMAGE, AS SET FORTH WITHIN THIS PETITION.

6.) PETITIONER INVOKES THE COURTS JURISDICTION UNDER 28 U.S.C.A. SECTION 2241 ET. SEQ. INCLUDING 28 U.S.C.A. SECTION 2254, 28 U.S.C.A. §1331, 42 U.S.C.A. SECTION 2000A-6. VENUE IS PROPER UNDER 28 U.S.C.A. §1391(A),(b).

7.) ALTHOUGH PETITIONER IS INDIGENT AND WITHOUT COUNSEL, PETITIONER WISHES TO FILE A FULL AND COMPLETE PETITION FOR WRIT OF HABEAS

10 OF 13

corpus in this court. Petitioner seeks to raise all possible issues in Petitioner's case. Petitioner wishes to have this court consider, among other claims, any and all claims raised at trial, direct appeal, and in postconviction proceedings. Petitioner's Washington State Supreme Court No. 94457-1 opinion of its same state lower Court of Appeals reversal of King County Superior Court, Timothy Bradshaw, Judge-Dismissal of Petitioner's case-number 14-1-05928-7, has been published at <u>420 P.3d 1077</u>; Court of Appeals opinion has been published at <u>198 Wash. App. 527, 393 P.3d 1243</u>. Petitioner gives reference to these cases to inform the court of the issue(s) on which Petitioner seeks relief.

8) Because Petitioner is not a lawyer, and is an A.D.A. mentally disabled inmate, being subjected to the illicit aftermath from the defendant(s)-compounding the brain trauma which spawn his mental disabilities, Petitioner cannot present this case to the court and does not know what other issues need to be investigated and raised before this court. Because of Petitioner's serious disabled documented deteriorating condition, Petitioner is entitled to counsel under 18 U.S.C.A. section 3006A and 42 U.S.C.A section 10841(1)(L)(iv) for the purpose of recieving assistance to understand, exercise, and protect the rights described... and in other provisions of law: 'a qualified advocate' not in connivance with the defendants or any of its entities and affiliates. Petitioner therefore requests that this court appoint counsel who can properly investigate and

PRESENT ALL POSSIBLE CLAIMS FOR RELIEF.

9.) FURTHER, BECAUSE PETITIONER IS WITHOUT COUNSEL, ONCE COUNSEL IS APPOINTED, COUNSEL WILL REQUIRE SUFFICIENT TIME TO LEARN ABOUT THE CASE, THE ISSUES IN THE CASE, AND INVESTIGATE, PREPARE, AND PRESENT ALL POSSIBLE CLAIMS FOR RELIEF, INCLUDING THOSE ISSUES MENTIONED ABOVE. THIS COURT SHOULD GRANT SUFFICIENT TIME TO COUNSEL (ONCE COUNSEL IS APPOINTED) TO ALLOW NECESSARY AMENDMENT TO PERMIT CONSIDERATION OF ALL CLAIMS FOR RELIEF ARISING FROM PETITIONER'S REVERSAL OF THAT KING COUNTY SUPERIOR COURT NO. 14-1-05928-7 CASE DISMISSAL.

10.) PETITIONER WOULD ALSO BE ENTITLED TO FUNDS FOR INVESTIGATIVE AND EXPERT ASSISTANCE UNDER 18 U.S.C.A. SECTION 3006A. PETITIONER ALSO REQUESTS, THAT ONCE COUNSEL AND/OR ADVOCATE IS APPOINTED, THE COURT SHOULD PROVIDE SUFFICIENT TIME TO OBTAIN INVESTIGATIVE AND EXPERT ASSISTANCE, AND THAT SUCH INVESTIGATIVE AND EXPERT ASSISTANCE BE PROVIDED. PETITIONER WOULD ALSO REQUEST DISCOVERY UNDER HABEAS RULE 6, AND AN EVIDENTIARY HEARING. THESE REQUESTS ARE ALSO NECESSARY TO ENABLE COUNSEL TO PROPERLY AND FULLY PRESENT A PETITION FOR WRIT OF HABEAS CORPUS TO THIS COURT.

11.) PETITIONER INVOKES THIS COURT'S HABEAS JURISDICTION UNDER 28 U.S.C.A. SECTION 2254 (INCLUDING 28 U.S.C.A. SECTION 2241), AND FILES THIS INITIAL PETITION FOR WRIT OF HABEAS CORPUS, WHICH INCLUDES BUT IS NOT

LIMITED TO THOSE CLAIMS PRESENTED IN THE STATE COURTS AND IN THE WASHINGTON SUPREME COURTS AND IN THE WASHINGTON COURT OF (CRIMINAL) APPEALS. BECAUSE PETITIONER IS INDIGENT AND WITHOUT COUNSEL, PETITIONER REQUESTS APPOINTMENT OF COUNSEL UNDER 18 U.S.C.A. SECTION 3006A AND QUALIFIED ADVOCATE UNDER 42 U.S.C.A. SECTION 10841. PETITIONER ALSO REQUESTS THAT APPOINTED COUNSEL BE GIVEN SUFFICIENT TIME TO INVESTIGATE AND PRESENT ALL POSSIBLE CLAIMS FOR RELIEF IN THIS COURT, AND THAT, ON PROPER REQUEST, COUNSEL BE GIVEN INVESTIGATIVE AND EXPERT ASSISTANCE UNDER 18 U.S.C.A. SECTION 3006A AND 42 U.S.C.A. SECTION 10841. PETITIONER ALSO REQUEST NECESSARY DISCOVERY UNDER HABEAS RULE 6 WHICH MAY BE REQUESTED BY APPOINTED COUNSEL. PETITIONER ALSO REQUESTS AN EVIDENTIARY HEARING, AND REQUESTS THAT THIS COURT GRANT A WRIT OF HABEAS CORPUS DISCHARGING PETITIONER THROUGH THE RE-INSTATEMENT OF PETITIONER GARCIA'S 14-1-05928-7 CASE DISMISSAL BY REVERSING A WASHINGTON STATE SUPREME COURT'S MAJORITY'S ILLICIT UNCONSTITUTIONAL DECISION(S)___.

DATED 11/12/2018                    SIGNED, _____
                                    PRINT NAME JOAQUIN DAVID GARCIA

ATTESTATION OF PREPARATION—
I, JOAQUIN DAVID GARCIA, though PETITIONER IN THIS ACTION, DID NOT WRITE OR PREPARE THIS INITIAL PETITION, BUT ONLY BEAR WITNESS TO ITS PREPARATION UNDER MY EYE BY ANOTHER INMATE. THE BRAIN TRAUMA I'VE SUFFERED AND IS SUFFERING THROUGH ITS FORCED MENTAL AFTERMATH HINDERS AND WILL NOT LET ME. I BEAR WITNESS TO THE EXPLAINED FACTS.

Name: JOAQUIN DAVID GARCIA
Bkg. # 214030390
King County Correctional Facility
500 Fifth Avenue
Seattle, WA 98104-2332

FEDERAL
LEGAL
MAIL



NOV 15 2018

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CLERK, UNITED STATES DISTRICT COURT
UNITED STATES COURTHOUSE
700 STEWART STREET, SUITE 2310
SEATTLE, WASHINGTON 98101



MAIL – FEDERAL LEGAL MAIL – FEDERAL LEG

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2016