UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOAQUIN GARCIA,<br><br>                   Petitioner,<br><br>     v.<br><br>STATE OF WASHINGTON,<br><br>                   Respondent. | CASE NO. C18-1663-BJR-MAT<br><br>REPORT AND RECOMMENDATION |

Petitioner, proceeding *pro se* and *in forma pauperis*, submitted a document entitled "American with Disabilities Act of 1990 Petition for Writ of Habeas Corpus and Motion for Appointment of Counsel Pursuant to 42 USCA § 10841."  (Dkt. 1.)  The Court construed this document as a 28 U.S.C. § 2254 habeas corpus petition. On December 14, 2018, the Court issued an Order declining to serve the petition, granting leave to amend, and denying the motion for appointment of counsel. (Dkt. 9.) As described below, the Court found the petition deficient in a number of respects.

Petitioner seeks to pursue both habeas relief and claims under the Americans with Disabilities Act (ADA). His request for habeas relief challenges a conviction for unlawful

REPORT AND RECOMMENDATION
PAGE - 1

possession of a firearm. His ADA allegations include, *inter alia*, the failure of King County Correctional Facility to provide him with requested access to services or assistance with his mental disabilities and challenges to his classification status during his confinement. Because the ADA allegations do not lie at the core of habeas corpus by challenging the validity or duration of petitioner's confinement, they may not be pursued in a habeas action. *See Nettles v. Grounds*, 830 F.3d 922, 927, 931 (9th Cir. 2016) (prisoners have "'two main avenues'" of relief under federal law for complaints relating to their imprisonment: a petition for writ of habeas corpus and a civil rights complaint under 42 U.S.C. § 1983; a habeas corpus petition "is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas[,]" and a § 1983 action is "the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus."; "[I]f a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983.") (quoted and cited sources omitted); *Preiser v. Rodriguez*, 411 U.S. 475, 484, 490, 499 (1973) (habeas corpus is designed to "secure release from illegal custody" and "is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement[.]"; section 1983 provides a remedy for a state prisoner "making a constitutional challenge to the conditions of his prison life, but not the fact or length of his custody."); and *Bogovich v. Sandoval*, 189 F.3d 999, 1002 (9th Cir. 1999) ("There is no reason to believe that ADA claims should be treated any differently than § 1983 claims when examining whether a prisoner's case should have been brought under habeas corpus."; "Regardless of the type of claim asserted, the traditional purposes of habeas corpus must be preserved.")

      The Court advised petitioner that, assuming he intended to continue to pursue habeas relief, he must submit an amended petition including only claims relating to the fact or duration of his

REPORT AND RECOMMENDATION
PAGE - 2

confinement. If petitioner also sought to pursue non-habeas claims, he could elect to file a separate civil action.

The Court also advised as to a number of other deficiencies. Petitioner failed to use or substantially follow this district's § 2254 form, or provide all information required by the form, as is required by Local Civil Rule 100(a). Petitioner failed to name the state officer having custody of him as the respondent to the petition, and therefore deprived the court of personal jurisdiction. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). While federal habeas corpus relief is available only to a person "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2254(a), and is not available for errors of state law, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), it was not apparent whether petitioner raised any constitutional claims. Both his petition and the state appellate court decisions he identified within the proposed petition appear to address solely state law violations. (*See* Dkt. 1); *State v. Garcia*, 198 Wn. App. 527, 393 P.3d 1243 (Wash. App. 2017), *aff'd*, 420 P.3d 1077, 191 Wn.2d 96 (Wash. 2018). Finally, it was not clear petitioner had exhausted any federal constitutional claims, including the pursuit of collateral relief at the state court level by filing a personal restraint petition. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," and requires "state prisoners [to] give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); and *James v.*

REPORT AND RECOMMENDATION
PAGE - 3

*Borg*, 24 F.3d 20, 24 (9th Cir. 1994) (a complete round of the state's established review process includes presentation of a petitioner's claims to the state's highest court).[1]

The Court advised petitioner that, if he submitted an amended habeas petition, he must provide the requested clarification and otherwise remedy the deficiencies identified. The Court granted petitioner thirty days to submit an amended petition and noted that, if he failed to do so, the petition would be subject to dismissal.

On January 25, 2019, the Court received a document responding to its Order. (Dkt. 10.) The document does not, however, remedy any of the deficiencies identified by the Court. It appears, for example, that petitioner continues to seek to pursue both habeas relief and relief under the ADA in this action. He did not submit an amended petition on the Court's form, or provide all of the information required by the form, and continues to name only the State of Washington as respondent. It remains unclear whether petitioner alleges federal constitutional claims that may be pursued in a habeas action or whether he has exhausted any such claims. While he identified obstacles to submitting the proper form, including injuries sustained and other issues associated with his confinement, his failure to submit an amended petition has now continued well beyond the original thirty days provided and well after his submission of a responsive document.

---

[1] To the extent petitioner filed a federal habeas petition prematurely, it would be subject to dismissal without prejudice to re-filing once all state court post-conviction challenges to petitioner's conviction have been completed. *See* 28 U.S.C. § 2254(b)-(c); *Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). Pursuant to 28 U.S.C. § 2244(d)(1), a one-year statute of limitations applies to § 2254 habeas actions. That period of limitation typically commences from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" § 2244(d)(1)(A). The period of direct review ordinarily includes the ninety-day period in which a petitioner may file a petition for writ of certiorari with the United States Supreme Court, whether or not the petitioner actually files such a petition. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999); *see also* Sup. Ct. Rule 13(1). However, the one-year limitations period for filing a § 2254 action is tolled for any "properly filed" collateral state challenge to the pertinent judgment or claim. § 2244(d)(2).

REPORT AND RECOMMENDATION
PAGE - 4

1    In sum, and for the reasons set forth above, the proposed petition for habeas relief is
2 deficient and subject to dismissal. The Court recommends the habeas petition be DENIED and
3 this case DISMISSED. The dismissal should be without prejudice to petitioner filing a habeas
4 petition curing the above-described deficiencies and/or a separate civil action. A proposed Order
5 accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 15, 2019**.

DATED this 19th day of February, 2019.

Mary Alice Theiler
United States Magistrate Judge