UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOAQUIN GARCIA;<br><br>　　　　　Petitioner,<br><br>　v.<br><br>STATE OF WASHINGTON;<br><br>　　　　　Respondent. | Nos. 2:18-cv-01663 BJR-MAT<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

This matter comes before the Court on a Report and Recommendation ("R&R") of Magistrate Judge Mary Alice Theiler, recommending dismissal of this case without prejudice. As outlined in the R&R, Petitioner, who is proceeding *pro se* and *in forma pauperis*, initiated this case with a document entitled "American with Disabilities Act of 1990 Petition for Writ of Habeas Corpus and Motion for Appointment of Counsel Pursuant to 42 USCA § 10841." On December 14, 2018, in an Order Declining to Serve § 2254 Petition for Writ of Habeas Corpus ("Order Re: § 2254 Petition"), Magistrate Judge Theiler identified a number of critical deficiencies in Petitioner's filings, and granted Petitioner an opportunity to amend his petition, if possible, to correct those deficiencies. *See* Dkt. No. 9.

Petitioner failed to submit an amended petition within the 30 days allowed by the Order Re: § 2254 Petition, but subsequently filed a document containing additional allegations and

argument. Dkt. No. 10. That filing nevertheless failed to remedy any of the deficiencies identified in the Order Re: § 2254 Petition.

More specifically, Petitioner "continues to seek to pursue both habeas relief and relief under the ADA in this action," which as the Order Re: §2254 Petition outlined, is not permitted. R&R at 4; *see* Order Re: § 2254 Petition at 1-2, *citing Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016). Petitioner has also failed to submit an amended petition on the required form, or provide the information required by Local Rule 100(a). He also continues to name only the State of Washington as respondent, failing to name the state officer having custody of him, therefore depriving this Court of personal jurisdiction. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994). Critically, as the R&R states, "it remains unclear whether petitioner alleges federal constitutional claims that may be pursued in a habeas action or whether he has exhausted any such claims." R&R at 4.

In response to the R&R, Petitioner submitted an untimely objection, appearing to request an extension, based upon an alleged theft of his "legal mail" and other obstacles. Dkt. No. 12. Again, however, this filing fails to cure—or even address—the deficiencies that were identified in his petition over three months ago. Petitioner has been given a number of opportunities to do so, yet continues to ignore the Court's directions. While the Court might exercise leniency as to minor procedural deficiencies in a *pro se* filing, it cannot sanction a putative habeas petition that fails to conform to fundamental procedural and substantive requirements. Therefore:

(1) The Court adopts the Report and Recommendation;

(2) Petitioner's habeas petition and this action are DISMISSED without prejudice to petitioner filing a habeas petition curing the deficiencies outlined in the R&R, and/or a separate civil

ORDER ADOPTING REPORT AND RECOMMENDATION- 2

action; and

(3) The Clerk is directed to send copies of this Order to petitioner and to Judge Theiler.

Signed this 1st day of April, 2019.

_Barbara J. Rothstein_
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER ADOPTING REPORT AND RECOMMENDATION- 3